in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition packed ready for shipment to the United States were the unit prices shown on the attached schedule.

IT IS FURTHER STIPULATED AND AGREED that these appeals may be submitted for decision on the basis of this stipulation.

On the agreed facts, I find that the export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 70 Stat. 943, is the proper basis for the determination of the value of the merchandise covered by the appeals for reappraisement enumerated in the attached schedule and that such values are the unit prices shown on the attached schedule.

Judgment will be rendered accordingly.

**REHEARING MOTION GRANTED**

MARCH 7, 1963

**Reap. Dec. 10464.**—A. & A. Trading Corp. *v.* United States, Entered at Boston, Mass. (Not published.) Motion by plaintiff.

(Reap. Dec. 10465)

PERELINE MANUFACTURING COMPANY *v.* UNITED STATES

Entry No. 808368.

(Decided March 12, 1963)

Plaintiff not represented by counsel.

*John W. Douglas*, Acting Assistant Attorney General (*Morris Braverman* and *Samuel D. Spector*, trial attorneys), for the defendant.

WILSON, Judge: The merchandise in the case at bar consists of certain household articles, exported from Germany and entered at the port of New York. Plaintiff herein, appealing for reappraisement, claims that the proper dutiable values for the items of merchandise under consideration are lower than those at which the said merchandise was appraised.

At a hearing of the case, the sole owner of the plaintiff company attempted to establish that the prices at which the merchandise was entered represented the proper value of the goods. In support of this contention, plaintiff's witness offered as evidence a certain pricelist (plaintiff's exhibit 1 for identification), allegedly received by the